## JASON EATON *versus* AMES MINER.

When a prisoner for debt applies to magistrates to be admitted to take the poor debtor's oath, it is not essential, to state in the application, that his circumstances are such as to entitle him to take the oath.

And although the statute directs, that the creditor shall be served with a copy of the application and order thereon, it is sufficient, if he be served with the original application and order.

THIS was an action of debt, upon a bond made by the defendant and others, on the 3d October, 1828, with a condition, that if Charles Miner, then a prisoner in the gaol, in Charlestown, in the county of Sullivan, at the suit of the plaintiff, should continue a true prisoner, until lawfully discharged, then the bond to be void. The cause was submitted to the decision of the court, upon the following facts.

The said bond was made by Charles Miner, as principal, and the defendant and another, as sureties.

Charles Miner being a prisoner, in the gaol in Charlestown, on an execution at the suit of the plaintiff, and having given the bond, on which this suit is founded, on the 3d October, 1828, presented to two magistrates an application as follows.

To F. A. S. and H. H. Esquires, &c.

Humbly showeth Charles Miner—that he is now a prisoner in the gaol in Charlestown, on an execution—he therefore prays to be admitted to the oath prescribed in "an act entitled an act," &c. and that your honors would cause notice, &c. Dated at Charlestown, October 3d, 1828.                         CHARLES MINER.

On the said application the magistrates made an order, as follows :

*State of New-Hampshire*, Sullivan, ss. On the foregoing petition—on the 3d October, 1828, it is ordered, that the said Charles, the petitioner, be heard thereon at the gaol—on Monday, the 20th October, instant, at 9 o'clock

in the forenoon, and in the meantime, it is further order-
ed, that the above named Jason Eaton be duly and legal-
ly notified of the time and place of hearing, &c.

H. H.<br>F. A. S.

On the 4th October, 1828, the said original application
and order were left with the plaintiff by a deputy sheriff,
and on the 20th October, 1828, the magistrates adminis-
tered to the said Charles, the oath, in due form, and he
was discharged.

*W. Smith,* for the plaintiff.

*Bell,* for the defendant.

*By the court.* The question to be decided in this case,
is, whether Charles Miner was legally discharged from
imprisonment.

The first objection to the discharge is, that the appli-
cation to the magistrates was not in due form of law. It
did not state that the applicant was destitute of property ;
and so it did not appear upon the face of the application by
his own showing, that he was entitled to take the poor
debtor's oath.

The application was not, perhaps, in the best form,
which might have been adopted. But the statute pre-
scribes no form. It only enacts that the debtor may ap-
ply to two magistrates, and pray to be admitted to take
the oath, prescribed by the statute. There is only one
case in which the debtor is entitled to be admitted to take
the oath ; and that is, when he has not had, at any time
since his commitment, estate to the value of twenty dol-
lars, except goods and chattels by law exempted from at-
tachment and execution. And in taking the oath he must
swear, that he has no estate, real or personal, to the
amount of twenty dollars excepting goods and chattels so
exempted. The circumstances, which entitle the debtor
to be discharged, are made known to the creditor by the
statute, and need not, for his convenience, be alleged in
the application. And the very prayer to be admitted to

Eaton
*v.*
Miner.

take the oath is, in effect, an offer to swear to the facts which entitle the debtor to be discharged. We are, therefore, of opinion, that it is not essential to the validity of the application, that it should be in express terms alleged, that the debtor is destitute of property, and that this objection to the proceedings cannot prevail.

Another objection to the discharge is, that due notice of the time and place of the hearing before the magistrates was not given to the creditor. The exception taken to the notice is, that the original application and order thereon, were delivered to him, instead of a copy, as the statute directs. Why such an experiment should have been made, it is difficult to conjecture. The words of the statute are very clear and plain. Yet it is very certain, that the creditor had, in effect, precisely the same notice which he would have had, if copies, instead of the originals, had been delivered to him. And we are unable to find any sound reason, why we should hold that the delivery of the originals was not due notice, although the statute has made copies sufficient. We should suppose, that if the delivery of copies is due notice, *a fortiori*, a delivery of the originals must be so.

*Judgment for the defendant.*